UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTWAN RAYSHON WILLIAMS,

        Petitioner,

                                          Case No. 17-11146

v.

                                          HON. MARK A. GOLDSMITH

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER
DISMISSING THE HABEAS PETITION (Dkt. 4),
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

## I. INTRODUCTION

Petitioner Antwan Rayshon Williams, a state prisoner confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a pro se habeas corpus petition (Dkt. 4) challenging his Oakland County convictions for first-degree (premeditated) murder, Mich. Comp. Laws § 750.316(1)(a), felonious assault, Mich. Comp. Laws § 750.82, and two counts of possessing a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. Petitioner did not exhaust state remedies for his claims, and he no longer has an available remedy to exhaust. Therefore, his claims are procedurally defaulted. Because he has not shown "cause" for his procedural default or that the Court's failure to consider the merits of his claims will result in a miscarriage of justice, the petition must be dismissed.

## II. BACKGROUND

The charges against Petitioner arose from a fatal shooting and assault in Oak Park, Michigan on August 27, 2013. The evidence at Petitioner's trial, as summarized by the state court, established that,

> [w]hile at home with his friend, Justin Echols, [Thomas] Carr received a phone call from defendant who indicated he needed a ride. Shortly after, Carr and Echols left the home to pick up defendant. Carr and Echols drove toward Oak Park, with Carr regularly receiving directions by phone from defendant to his location. Upon arriving at defendant's location, defendant entered the car with a backpack and sat in the back passenger side. Defendant proceeded to give Carr directions to the final destination, and after driving numerous blocks, instructed him to stop behind a blue van where a school and apartments were located. Once stopped, defendant shot Carr in the back of the head with a gun. Echols escaped after a struggle with defendant. Defendant also fled the scene, leaving the deceased's body and gun.

People v. Williams, No. 322022, 2015 WL 5440304, at *1 (Mich. Ct. App. Sept. 15, 2015).

On April 21, 2014, a jury found Petitioner guilty of premeditated murder, felonious assault, and two counts of felony firearm. The trial court sentenced Petitioner to life imprisonment for the murder and to a concurrent term of twenty-three months to four years in prison for the felonious-assault. The trial court sentenced Petitioner to a consecutive sentence of two years in prison for the felony-firearm convictions.

In his appeal as of right, Petitioner argued that the prosecution presented insufficient evidence of premeditation and that he did not knowingly, intelligently, and voluntarily waive his constitutional right to remain silent when the police interrogated him. The Michigan Court of Appeals affirmed Petitioner's convictions after concluding that his sufficiency-of-the-evidence claim lacked merit and that the state trial court properly admitted Petitioner's statements in evidence. See People v. Williams, No. 322022, 2015 WL 5440304 (Mich. Ct. App. September

15, 2015). On May 2, 2016, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See People v. Williams, 877 N.W.2d 890 (Mich. 2016).

Petitioner alleges that he filed a motion for relief from judgment in which he claimed that (i) the prosecutor committed misconduct, (ii) the trial court failed to grant him an evidentiary hearing, and (iii) trial counsel was ineffective for failing to object to witness testimony. Pet. at 3 (Dkt. 4), PageID.10. On October 4, 2016, the trial court denied Petitioner's motion. See People v. Williams, No. 2013-248352-FC (Oakland Cty. Cir. Ct. Oct. 4, 2016). Petitioner states that he did not attempt to appeal the trial court's decision because he was unaware that he could appeal the decision. Pet. at 5, PageID.12.

On April 11, 2017, Petitioner commenced this action by filing a motion for extension of time, and on May 2, 2017, he filed his habeas corpus petition. Petitioner alleges as grounds for relief that: (i) the prosecution allowed perjured testimony to be used against him and knew that a detective used improper techniques to obtain his confession; (ii) the trial court violated his rights by failing to hold an evidentiary hearing; (iii) court-appointed trial counsel deprived him of effective assistance by (a) failing to object to the use of an illegally obtained confession, perjured testimony, hearsay, and a witness's testimony, (b) failing to inform him of the elements of the charges, and (c) telling him that he could not testify at trial; and (iv) the jury was not properly sworn. Pet. at 5-10, Pg ID 12-17.

Because it appeared to the Court that Petitioner had not exhausted state remedies for his claims, the Court ordered him to show cause why his petition should not be dismissed. (Dkt. 8). In a response to the order (Dkt. 9), Petitioner does not deny that his claims are procedurally defaulted. Instead, he asks the Court to overlook the procedural default on the basis that he is actually innocent of premeditated murder.

# III. ANALYSIS

## A. Exhaustion of State Remedies; Procedural Default

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising the claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, prisoners must fairly present the factual and legal basis for each of their claims to the state court of appeals and to the state supreme court before raising the claims in a habeas corpus petition. Wagner v. Smith, 581 F.3d 410, 414-15 (6th Cir. 2009).

The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." Engle v. Isaac, 456 U.S. 107, 125 n. 28 (1982). If a habeas petitioner no longer has an available state remedy to exhaust, his claims must be treated as exhausted, but procedurally defaulted, unless he can demonstrate cause and prejudice for the default. Gray v. Netherland, 518 U.S. 152, 161-62 (1996). As explained in Hannah v. Conley, 49 F.3d 1193 (6th Cir. 1995),

> If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. Coleman v. Thompson, 501 U.S. 722, 750–51, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Id. at 1195–96. "[T]o establish cause, a habeas corpus petitioner must show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule."

Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

In the alternative, a petitioner must "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir. 2006) (quoting Carrier, 477 U.S. at 496). "To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

**B. Application**

Petitioner alleges that he raised his first three claims in his motion for relief from judgment, and that he failed to appeal the trial court's denial of his motion. See Pet. at 6-10, PageID.13-17. Petitioner further alleges that he did not raise his fourth claim in any state court. See id. at 10-12, PageID.17-19. Because Petitioner did not raise his first three claims in the State's appellate courts, and because he did not raise his fourth claim in any state court, none of his claims satisfies the exhaustion requirement.

It further appears that Petitioner no longer has a state remedy to exhaust. After the state trial court rejected Petitioner's first three claims in an order dated October 4, 2016, Petitioner had six months, or until April 4, 2017, to appeal the trial court's decision. Mich. Ct. R. 6.509(A). Petitioner concedes that he missed that deadline.

The fourth claim admittedly was never raised in any state court, and the only collateral post-conviction remedy available to Michigan prisoners is a motion for relief from judgment.

5

Petitioner has already filed one motion for relief from judgment, and Michigan law prohibits defendants from filing a second or successive motion for relief from judgment unless the motion is "based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(G)(2). Petitioner's claim about his jury not being properly sworn is not new evidence, and the claim is not based on a retroactive change in law.

The Court concludes that Petitioner no longer has an available state remedy to exhaust. Therefore, his claims are deemed exhausted, but procedurally defaulted, and Petitioner is required to show "cause" for his procedural default and resulting prejudice or demonstrate that a miscarriage of justice will occur if the Court declines to address the merits of his claims. Coleman, 501 U.S. at 750.

Petitioner has not alleged "cause and prejudice." Consequently, he has abandoned any argument regarding "cause and prejudice." Wheeler v. Simpson, 852 F.3d 509, 515 (6th Cir. 2017) (citing Post v. Bradshaw, 621 F.3d 406, 427 (6th Cir. 2010)), cert. denied, 138 S. Ct. 357 (2017).

Petitioner argues instead that the Court should excuse his procedural default because he is actually innocent of first-degree, premeditated murder and that, at most, he is guilty of second-degree murder. But Petitioner has not presented the Court with any new and reliable evidence of actual innocence; further, the Michigan Court of Appeals determined on direct review that the evidence at trial was sufficient for a reasonable jury to conclude that Petitioner's shooting of Thomas Carr was deliberate and premeditated and that Petitioner's argument to the contrary simply lacked merit. In reaching this conclusion, the Court of Appeals noted that the

> evidence presented at trial, which included defendant's oral and written confession, as well as evidence of his actions, would allow a reasonable jury to infer defendant's premeditation and deliberation. In particular, defendant admitted that

6

> his friend, Quinton Sharp, offered him $1,000 in exchange for killing Carr. This offer stemmed from a dispute that Sharp had with Carr. Although defendant was not personally involved in this dispute, he had met Carr in the past, and had contact with him prior to the day of the shooting.
>
> In addition to defendant's statements, his actions also demonstrate that killing Carr was deliberate and premeditated. Evidence presented at trial showed that: (1) defendant text-messaged Carr one day before the shooting indicating that he needed help delivering a package; (2) defendant followed up with Carr to ask for a ride at nighttime from Canton to Oak Park; and, defendant entered Carr's vehicle with a loaded gun, concealed in a backpack. Thereafter, according to Echols, defendant then asked Carr to pull over in an obscure, secluded location and then shot the victim. Echols further testified that there was no physical or verbal argument prior to the shooting, and that defendant shot the victim in the back of the head at a close range. Furthermore, defendant then forced Echols to help him hide the deceased's body, and completed this task after Echols had escaped. Defendant also hid the murder weapon in nearby shrubs. Lastly, evidence was presented that defendant took the cell phones of the victim as well as Echols before fleeing the crime scene and changing his clothes.

Williams, 2015 WL 5440304, at *2 (footnotes omitted).

The Court concludes from this evidence that Petitioner has not made a credible claim of actual innocence. Therefore, he has not satisfied the miscarriage-of-justice exception for procedurally defaulted claims, and his petition must be dismissed.

**C. Certificate of Appealability and Leave to Proceed In Form Pauperis on Appeal**

Petitioner may not appeal the Court's dismissal of his habeas petition unless a district or circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327(2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). When, as here, "the district court

denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Reasonable jurists would not find the Court's procedural ruling debatable, not conclude that the habeas petition states a valid claim of the denial of a constitutional right and that the issues deserve encouragement to proceed further. The Court, therefore, declines to issue a certificate of appealability. Petitioner nevertheless may proceed in forma pauperis on appeal because the Court granted him in forma pauperis status in this Court (Dkt. 7), and an appeal could be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

## IV. CONCLUSION

For the reasons stated above, the Court dismisses the petition for writ of habeas corpus (Dkt. 4), declines to issue a certificate of appealability, and grants leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: June 29, 2018  　　　　　　　　　　s/Mark A. Goldsmith
　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2018.

　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　Case Manager